UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY ALEXANDER                          CIVIL ACTION

VERSUS                                     NO: 10-4421

GLOBAL FABRICATION, L.L.C.                 SECTION: "J" (1)
AND XYZ INS. CO.

### ORDER AND REASONS

Before the Court is **Defendant's Motion for Summary Judgment (Rec. Doc. 12)**, and **Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Rec. Doc. 15)**. The motion is before the Court on supporting memoranda, without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's Motion for Summary Judgment (Rec. Doc.12) should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff Gregory Alexander was employed as a deckhand by Defendant Global Fabrication, L.L.C. in the aftermath of the Deepwater Horizon oil spill in the Gulf of Mexico. At issue is Plaintiff's alleged accident that occurred while he was employed

1

by Defendant in oil spill cleanup efforts. Mr. Alexander's employer contracted with Environmental Safety and Health Consulting Services, Inc. (ES&H), which was involved in oil spill cleanup. Specifically, Global provided laborers for ES&H, pursuant to a Master Service Contract (the "Contract") that Global had with ES&H. The Contract contained a provision in Section XIV entitled "Independent Contractor" stating that "the actual performance and supervision of all work subject to this Agreement shall be undertaken and performed solely and exclusively by *Contractor* [Global]." Contract Section XVI, entitled "Use of Equipment, Machinery, and Tools," contained a provision whereby Plaintiff's employer agreed with ES&H to examine any equipment furnished by ES&H, prior to use.

 Mr. Alexander reported to work daily at the same location in Lafitte, Louisiana–a bay area–where he would check in with his immediate supervisor, Mike Bishop. Mr. Bishop clocked Mr. Alexander into work and then directed him to report to an instructor at the boating dock. Mr. Bishop was unaware of the precise nature of the work that Mr. Alexander was daily assigned to perform after Mr. Alexander clocked in at the dock. After Mr. Alexander was directed to the dock area, an individual whose identity was unknown to Mr. Bishop would then tell Mr. Alexander

which boat to board and what work he would be expected to perform that day.  On one of these occasions, on September 10, 2010, Mr. Alexander allegedly experienced an accident while working aboard a vessel.  Plaintiff's employer did not own or control the vessel and did not employ the boat captain, Joshua Licciardi, who was operating the vessel on the day of Plaintiff's alleged accident.  On the day in question, the instructor who directed workers to particular work assignments directed Mr. Alexander to an "old, rickety boat" operated by Captain Licciardi.  Neither Plaintiff nor Defendant has any information as to who employed Captain Licciardi, who owned the vessel he operated, or the captain's qualifications or prior vessel experience.  Mr. Alexander had ridden on this same boat on each of the three or four consecutive days prior to the day of the incident in question.  Each day Plaintiff was directed to Licciardi's boat by the unknown instructor.  On those several previous working days, there had been no other incidents while Plaintiff worked on the boat.

During the September 10 workday, the boat made an abrupt turn at full throttle and hit a wave.  This caused Mr. Alexander to be thrown forward, landing awkwardly on his knee and allegedly causing him injury.  He tried to grab onto a metal "cleat" on the

boat, but was there was no handrail in the boat for him to grab. Mr. Alexander and the boat captain were the only two persons aboard the vessel. Plaintiff filed the instant action on November 29, 2010, seeking damages resulting from an alleged serious, permanent and disabling injury to his right knee as a result of the fall.

The issue is whether there is any genuine issue of material fact regarding employer Global's lack of Jones Act negligence for which it could be liable to Plaintiff.

**THE PARTIES' ARGUMENTS:**

Defendant argues that there is no genuine issue of material fact that it discharged its Jones Act duty to exercise reasonable care in providing a safe workplace for its employee, Mr. Alexander. It argues that only where an employer has notice and an opportunity to correct an unsafe condition is a Jones Act employer liable for negligence. Because Global had no control over the vessel, selection of the vessel, or Captain Licciardi, Global argues that there was no negligent act on its part that contributed to Plaintiff's accident. It further asserts that Plaintiff's own deposition pins the accident's cause as that of Licciardi's negligence, which cannot be imputed to Defendant because Defendant did not hire Licciardi.

Defendant asserts that there is no independent act of negligence on its part for which it can be liable.  An imposition of liability in this case would be akin to imposing strict liability, rather than the proper "actual negligence" standard.  There is no evidence of anything inherently unsafe about the boat; Plaintiff had ridden in Licciardi's boat on three to four previous occasions without incident.  Additionally, Defendant argues that there is no way that Defendant could have known or reasonably foreseen that Licciardi would make the abrupt turn at such a high rate of speed that would cause Plaintiff to lurch forward and fall.  In summary, it is argued that Defendant could not have possibly foreseen this accident occurring in the manner it did.

Plaintiff's supporting brief initially points to the Contract between Defendant and ES&H, in which Defendant undertook the obligation to (1) supervise Plaintiff's work and (2) examine the vessel to which its Jones Act employee was being assigned.  Chiefly, however, Plaintiff points to Defendant's Jones Act duty to provide Plaintiff with a safe work environment, and asserts a breach of this duty that resulted in Plaintiff's injury.  He argues that Global breached its duty through "forgetting" its own employee, namely, directing him to report to a stranger at the

dock for assignment to a vessel that Global had neither inspected nor examined (which Global had a contractual duty to perform under the ES&H Contract). To discharge its obligation to its employee, Mr. Alexander-to provide a safe place to work-Global was required to do more than clock the Plaintiff in and direct him to a dock. In the alternative, Plaintiff argues that there are issues of material fact as to what actions Global actually took in fulfillment of its Jones Act duty.

In reply, Defendant argues that Plaintiff has made no offer of proof presenting a genuine issue of material fact as to the alleged breach of duty. It states that the lack of a handrail or handhold on the boat is not a sufficient reason to impose liability on Defendant, because (1) Global did not exercise control over the boat in question and (2) Plaintiff has not put forward any evidence showing that a lack of such a handrail constitutes negligence. Defendant further argues that it was the negligence of Captain Licciardi, and perhaps even Plaintiff's own failure to notify Global of the unsafe conditions on the vessel, that caused the injury. Defendant asserts that Plaintiff has offered absolutely no proof necessary to avoid summary judgment that the negligence of Captain Licciardi alone caused Plaintiff's injury.

**DISCUSSION:**

**A. Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed

verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, id. at 325; Little, 37 F.3d at 1075; Isquith for and on Behalf of Isquith v. Middle South Utils., Inc., 847 F.2d 186, 198 (5th Cir. 1988), cert. denied, 488 U.S. 926 (1988).

**B. Jones Act Standard**

The Jones Act imposes liability on covered employers for

ordinary negligence. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997). This Jones Act duty laid upon the employer includes the broad obligation to provide a safe place for the seaman to work. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989). However, the employer must have had notice of an unsafe condition and the opportunity to correct it before liability attaches. Id. The employer's duty to furnish the seamen in its employ with a safe place to work is non-delegable. Johnson v. Blue Marlin Servs. Of Acadiana, 713 F. Supp. 2d 592, 593 (E.D. La. 2010) (citing Sanford v. Caswell, 200 F.2d 830, 832 (5th Cir. 1953)). The fact that a Jones Act employer does not own or operate a vessel on which the employee works does not relieve the employer of the obligation to exercise reasonable care in providing the employee with a safe place to work. Martin v. Walk, Haydel & Assocs., Inc., 742 F.2d 246, 249 (5th Cir. 1984); Bertrand v. Int'l Mooring & Marine, Inc., 700 F.2d 240, 245 (5th Cir. 1983).

**C. Application of Law to Facts**

It appears that the two theories of negligence relied upon by Plaintiff both involve an alleged failure of Defendant to adequately inspect or inquire into working conditions. These theories are (1) a failure to inquire into captains' (like

Licciardi's) qualifications, respecting boats on which Plaintiff worked, and (2) a failure to perform an inspection that would have identified the lack of adequate handrails on the boat Plaintiff worked on.

Defendant apparently argues that it had no Jones Act duty to determine the nature of the work performed by employees that Defendant provided to satisfy ES&H's labor needs. Defendant asserts that it discharged its Jones Act duty to its employees to provide a safe place to work by simply clocking the employees in and directing them to a dock, without any further inquiry into their actual marine work environment.  Such a notion is odd–if not fallacious–that Defendant would be able to avoid liability merely through refusing to acquire any basic knowledge of the work environment to which its employees were daily subject, namely, the basic conditions of the vessels.  Therefore, Defendant cannot prevail on summary judgment by asserting a proper discharge of its Jones Act duty to its employees such as Plaintiff, through merely clocking them in to a work environment that would be conveniently and completely outside of Defendant's knowledge or control.  In fact, even though perhaps the *contractual* duty to ES&H laid upon Defendant to inspect vessels

10

used in cleanup operations does not extend to protect Plaintiff, Defendant had a *legal* duty to its employees to provide a safe work environment for its employees, notwithstanding that the vessel at issue was neither owned nor controlled by Defendant. See Bertrand, 700 F.2d at 245 ("In light of the purposes of the Jones Act, we will not allow employers to deny Jones Act coverage to seamen by arrangements with third parties regarding the vessel's operation or by the manner in which work is assigned.").

The Court need not decide the scope of the duty at this time, but it suffices to say that Defendant cannot prevail on summary judgment merely by asserting that any negligence is Captain Licciardi's, and that Defendant had absolutely *no* duty to Plaintiff to provide some level of safety to Defendant's employees working aboard vessels.  In fact, there is judicial precedent recognizing the existence of a Jones Act employer's duty to take precautions to provide a safe place to work for employees, even where the work occurs on third-party property over which the employer has no supervision.  See Davis v. Hill Engineering, Inc., 549 F.2d 314, 329 (5th Cir. 1977), *overruled on other grounds by* Gautreaux, 107 F.3d 331; Johnson, 713 F. Supp. 2d at 593-594.

11

The Court also finds that genuine issues of material fact remain, for example, as to exactly what measures Defendant took to discharge its duty to provide a safe workplace.  An additional genuine issue exists as to whether a trier of fact would determine that there was an unsafe condition, namely, a lack of adequate handrails on the boat, or incompetence or carelessness of the boat's captain; and whether such conditions should have been discovered by employer Global upon a reasonable inspection and/or inquiry.  Further, Section XIV of the Contract between Defendant and ES&H provided that "the actual performance and supervision of all work subject to this Agreement shall be undertaken and performed solely and exclusively by *Contractor* [Defendant Global]."  Such evidence creates a colorable issue as to whether Global exercised control over the boat on which Plaintiff was allegedly injured while working for Global.  There is little to no evidence in the record thus far, submitted by either party, as to the exact nature of the oil spill cleanup operations, including how much supervision Defendant actually exercised over the laborers it provided for the operations.  These are important factual issues relevant to answering the question of whether Defendant discharged its Jones Act duty of

care to Plaintiff to provide a reasonably safe working environment.

Drawing all justifiable inferences in favor of the non-moving party, the Court finds that Defendant has failed to carry its burden of proving the lack of dispute as to any material fact and the Defendant's entitlement to judgment as a matter of law.

For the foregoing reasons, **IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 12)** is **DENIED.**

New Orleans, Louisiana this 18th day of July, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE